IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**WILFREDO MIRANDA-HERNANDEZ**,
    Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY**,
    Defendant.

Civil No. 18-1235 (BJM)

## OPINION & ORDER

Plaintiff Wilfredo Miranda-Hernandez ("Miranda") filed the present case challenging the Commissioner of the Social Security Administration's ("Commissioner's") denial of his petition for Social Security disability insurance benefits. Docket No. ("Dkt.") 1. In due course, the Commissioner filed a consent motion to remand pursuant to sentence four of 42 U.S.C. § 405(g), requesting that the court reverse and vacate the agency's termination of benefits in accord with 42 U.S.C. § 405(u) and that Miranda's benefits be reinstated retroactive to the date of termination. Dkts. 29, 34. The parties having consented to proceed before me, Dkts. 4, 6, 7, I granted the motion. Dkt. 30. Judgment in the case was entered on September 12, 2019. Dkt. 31.

On March 28, 2019, Miranda's counsel, Pedro G. Cruz Sanchez ("Cruz"), filed a motion for attorney fees in the amount of $4,273.92 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 32. I granted the motion for attorney fees accordingly. Dkt. 33.

Almost three years later, on February 17, 2022, Cruz filed a motion for attorney fees in the amount of $14,000.00 pursuant to § 406(b) of the Social Security Act ("406(b)"). Dkt. 34 at 1. For the reasons explained below, Cruz's motion for attorney fees pursuant to 406(b) is **GRANTED**.

Case 3:18-cv-01235-BJM   Document 35   Filed 04/11/22   Page 2 of 8

*Miranda-Hernandez v. Comm'r of Soc. Sec.*, Civil. No. 18-1235 (BJM)                                    2

## APPLICABLE LEGAL STANDARDS

In Social Security cases, attorney fees can be obtained pursuant to the EAJA or the Social Security Act, 42 U.S.C. § 406. Fee awards may be made under both the EAJA and 406(b), but if fees are awarded under both, the attorney claiming the award must refund the lesser award to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412.

Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." § 2412(d)(1)(A); *see also Gisbrecht*, 535 U.S. at 796. EAJA fees are determined not by a percent of the amount recovered, but by the "time expended" and the attorney's "[hourly] rate," § 2412(d)(1)(B), which is capped at $125 per hour. § 2412(d)(2)(A). *See Gerardo Dieppa-Velázquez v. Comm'r of Soc. Sec.*, 19-CV-1574 (CVR) (D.P.R., May 25, 2021).

However, as noted above, a reasonable fee may be awarded to an attorney who successfully represented a claimant in federal court under 42 U.S.C. § 406(b)(1)(A). When a court renders judgment favorable to a Social Security claimant who has legal representation, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike the EAJA, however, 406(b) does not authorize the prevailing party to recover fees from the losing party. Instead, 406(b) authorizes fees payable from the successful party's recovery. *Gisbrecht*, 535 U.S. at 795.

The Commissioner has interpreted 406(b) to "prohibi[t] a lawyer from charging fees when there is no award of back benefits." *Id*. A court may award fees under 406(b) when, for example, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-

Case 3:18-cv-01235-BJM   Document 35   Filed 04/11/22   Page 3 of 8

*Miranda-Hernandez v. Comm'r of Soc. Sec.*, Civil. No. 18-1235 (BJM)                                                 3

96 (10th Cir. 2006). However, 406(b) is not meant to permit counsel to request inordinate or unreasonable fees under the guise of a contingency fee agreement. 406(b) calls for court review of contingent fee arrangements between claimants and counsel to assure that they yield reasonable results. Agreements are also de facto unenforceable if they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A). Even within the 25 percent boundary, plaintiff's counsel must show that the fee sought is reasonable given the services rendered. *Id*. Courts must ensure that fees are reasonable even if they are less than 25% of the past-due benefits, as there is no presumption that 25% is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17.

In determining a reasonable fee, a court should look first to the contingent fee arrangement, then test for reasonableness "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. The claimant's attorney can also be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

The statute does not specify a deadline for requesting fees. District of Puerto Rico Local Rule 54(b) states that "An application for attorneys' fees in those cases for which fees have been contracted . . . shall be filed within fourteen (14) days of the expiration of the time for filing a timely appeal." Furthermore, District of Puerto Rico Local Rule 9(d)(2) was amended effective on February 28, 2022 to state that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b)

Case 3:18-cv-01235-BJM   Document 35   Filed 04/11/22   Page 4 of 8

*Miranda-Hernandez v. Comm'r of Soc. Sec.*, Civil. No. 18-1235 (BJM)                                          4

shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld." *See* 03-MC-115, Dkt. 71-1. Local Rule 1(a) provides that "[t]he Court may modify [the local] rules in exceptional circumstances or when justice so requires."

## DISCUSSION

The fee agreement between Miranda and Cruz provides for Cruz to receive up to 25 percent of Miranda's past-due benefits. Dkt. 34-1.

The award notice (termed the Notice of Award, or "NOA") sent by the agency that advised Miranda of his past-due benefits and the amount withheld to pay attorney fees was dated February 4, 2022. Dkt. 34-2. Cruz apparently also received the NOA. Dkt. 34 at 2. I recently ruled in a separate case involving Cruz that under Local Rule 54(b), a fourteen-day filing deadline applies to 406(b) motions and that the countdown to this deadline begins upon delivery of the NOA to counsel. However, as noted above, Local Rule 9(d)(2) has since been amended to grant a party seeking 406(b) attorney fees thirty days after counsel's receipt of the NOA to file such a request. It is not immediately clear that Local Rule 9(d)(2) applies retroactively. However, I need not determine if it does in order to rule on the present matter. Either way, Cruz filed his 406(b) motion on February 17, 2022, just thirteen days after the date on the NOA; he therefore filed his motion in timely fashion under either deadline.

I next turn to the reasonableness of the fees requested. Cruz's request does not exceed the statutory cap of 25% of Miranda's past-due benefits. Indeed, Cruz claims that his request is proper not only because of the contingent nature of his representation of Miranda, but also because the contract between himself and Miranda provides that Cruz may seek up to 25% of the past due

Case 3:18-cv-01235-BJM   Document 35   Filed 04/11/22   Page 5 of 8

*Miranda-Hernandez v. Comm'r of Soc. Sec.*, Civil. No. 18-1235 (BJM)                                           5

benefits awarded to Miranda; he also notes that his request represents a relatively small percentage of Miranda's past-due benefits. Finally, Cruz maintains that his request is reasonable because the case was resolved in favor of his client and the requested fee award is not unjust.

It is up to the courts to determine whether a fee amount requested pursuant to 406(b) is reasonable. *See Gisbrecht*, 535 U.S. at 807. When determining if a fee is reasonable, courts should first look to the contingent fee arrangement, then test for reasonableness based on the character of the representation and the results the representative achieved. *Id.* at 808. Cruz states that he spent a total of 21.2 hours working on Miranda's case at the district court level. Cruz's 406(b) fee petition therefore amounts to a *de facto* rate of approximately $660.38 per hour, or the requested $14,000.00 divided by the 21.2 hours Cruz says he expended on the case at the federal level.

This amount seems high. Moreover, there are other considerations that suggest the amount requested by Cruz could be excessive. While Cruz's representation of Miranda was not clearly substandard, Cruz did file for extensions of time to file Miranda's initial memorandum of law on four separate occasions before I noted that he could not file any more such motions. Dkts. 14, 16, 18, 20. *See, e.g., De Jesus-Rivera v. Comm'r of Soc. Sec.*, 19-CV-1351 (MEL), 2022 WL 405648 at *2 (D.P.R. Feb. 9, 2022) (the court disapprovingly noting in reducing an attorney fee award that it "takes into account that plaintiff filed at least four motions for extension of time . . . and that it was not until the court stood firmly that no additional extensions would be granted that plaintiff's memorandum of law was filed"). Cruz also admitted to failing to file a motion to stay when he intended to due to an oversight, Dkt. 22 at 2; and he followed up that motion with a fairly lengthy motion to reconsider my denial of that stay, which I denied without comment. Dkts. 22, 25. At each turn Cruz denied that these motions were made for the purpose of causing delay, but the motions led to seemingly undue delay nonetheless. For instance, Cruz asked for two 45-day

*Miranda-Hernandez v. Comm'r of Soc. Sec.*, Civil. No. 18-1235 (BJM)                                        6

extensions in a row (making the second request more than 45 days after the first) for precisely the same reason each time: allowing himself time to "coordinate" with his "new co-counsel." It is unclear why the first extension did not permit him time enough to do so. Cruz asked for another extension in order to allow him time to address the Sixth Circuit decision *Hicks et al. v. Comm'r of Soc. Sec.*, 909 F.3d 786 (6th. Cir. 2018), but he did not include any references to *Hicks* in the memorandum he filed on behalf of Miranda. It is therefore the case that while Cruz's representation of Miranda was not exactly substandard, his representation of Miranda was also not entirely exemplary and included perhaps unnecessary delay.

   If the *de facto* hourly rate and other considerations above were the only relevant factors in the present matter, I would be inclined to find that the amount requested by Cruz is excessive. However, I must also weigh other relevant factors. For example, as Cruz claims, the fee amount requested by Cruz ($14,000.00) does comply with the statutory cap because it is not greater than 25% of Miranda's past-due benefits; in fact, the fee sought by Cruz is only around 15% of Miranda's past-due benefits. According to the NOA, Miranda's past due benefits total $93,252.00, from which $23,313.00 was withheld by the SSA for payment of representative's fees. Furthermore, there is no indication that Cruz's conduct was improper or that his representation was significantly substandard, even if it was perhaps flawed; there is also no indication that the terms of the contingent fee agreement reached by Cruz and Miranda were unreasonable, and the agreement provides for Cruz to receive up to 25% of Miranda's past-due benefits. Though courts have the duty to serve as an independent check regarding the reasonableness of fees requested pursuant to 406(b), this duty must be balanced against a client and his attorney's free and willful decision to enter into a contingency-fee agreement and their right to have that agreement upheld. *See Falcon v. Comm'r of Soc. Sec.*, 19-CV-1914 (MDM), Dkt. 32 at 8. Additionally, it has been

Case 3:18-cv-01235-BJM   Document 35   Filed 04/11/22   Page 7 of 8

*Miranda-Hernandez v. Comm'r of Soc. Sec.*, Civil. No. 18-1235 (BJM)                                                    7

clearly established that a fee should not be reduced unless it is "inordinately large." *See, e.g.*, *Gisbrecht*, 535 U.S. at 806-07.

Moreover, the amount requested by Cruz is roughly in line with other recent Social Security attorney fee awards made to Cruz and others by this court. Again, Cruz would receive approximately $660.38 per hour were I to grant his motion in full. A variety of recent cases have awarded fees in or around the $600.00 to $700.00 per hour range for similar work. *See, e.g., Pagan-Torres v. Comm'r of Soc. Sec.*, 18-CV-1921 (MDM), Dkt. 42 (granting an award of $5,111.00 in attorney fees for 8.3 hours of billable work despite denying the attorney's full claim of $11,000.00 as excessive, which amounts to approximately $615.78 per hour); *Santiago Diaz v. Comm'r of Soc. Sec.*, 19-CV-1139 (MEL) at *2 (D.P.R. Feb. 11, 2022) (granting an award of $6,180.00 for 10.3 hours of billable work despite denying $25,000.00 as excessive, which amounts to $600.00 an hour); *De Jesus-Rivera*, 2022 WL 405648 at *2 (granting $13,000.00 for 18.5 hours of work despite denying $15,203.00 as excessive, amounting to approximately $702.70 an hour).

On balance, I find that Cruz's request is reasonable, if at the outer limits. While $660.38 an hour does seem like a high rate and while Cruz's representation of Miranda may not have been exactly exemplary, this amount is much lower than the amount that Cruz's contract with Miranda gave him the right to request; additionally, recent cases from this court have made similar awards to Cruz and other attorneys under similar circumstances. As a result, I grant Cruz's request in full. However, Cruz must refund to Miranda the $4,273.92 he already received in attorney fees under the EAJA. *Gisbrecht*, 535 U.S. at 796; 28 U.S.C. § 2412.

## CONCLUSION

For the foregoing reasons, Cruz's petition for attorney fees under 406(b) is **GRANTED** and payment of $14,000.00 in attorney fees to Cruz is authorized. Cruz is ordered to refund

Case 3:18-cv-01235-BJM   Document 35   Filed 04/11/22   Page 8 of 8

*Miranda-Hernandez v. Comm'r of Soc. Sec.*, Civil. No. 18-1235 (BJM)                                                                 8

Miranda $4,273.92 in fees previously awarded to Cruz and subsequently paid to him pursuant to the EAJA; payment should be made within seven days of receipt of the 406(b) fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of April 2022.

S/ *Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge